We have a very short docket, but nevertheless, we would appreciate your adhering to our time clock. If the yellow light comes on, you have two more minutes, and when the red light comes on, we ask you to conclude your remarks as quickly as possible, unless you're answering a question from the court. And then you should just answer the question, as far as that goes. We are familiar with the briefs and record excerpts. We have not necessarily read the whole record, and therefore, we appreciate your record citations. We call the first case of the morning, Amador v. Wolfe, number 20-50646. We'll hear first from Ms. Booker. May it please the court? Yes, ma'am. You can take your mask off. Thank you. We might not be able to understand you otherwise. Very well. We're here today because our case was kicked out of district court based on admissions deemed admitted, whereby the record reflects that there was an unequivocal waiver, okay, on the hand of Bayer County, with a fact that we believe is conclusive, okay? So our argument in this case is, we have two things. They argue that we didn't raise this before appeal, and therefore, we've waived our right to raise the issue of dueling judicial admissions. And then they also argue that the Mays case controls. Our argument is, number one, we raised this issue. We raised it in and through the fact that we discussed the admissions in this particular case that were on the video, okay? And we discussed that in depth in each and every response. We discussed it in our motion to dismiss. We attached it to our complaint, that admission. In addition to that, we raised that in our motion for summary judgment response. Their argument is, you didn't use the word judicial admission. Our argument is, this case is long, I mean, this court, this circuit, it's well settled that as long as you advance the judicial theory in and of itself. So that I understand, when you say the judicial admission on the video, as I understand the briefing, you're asserting that statements are made on the video that constitute an admission for purposes of your supporting brief. Is that correct? I mean, in other words, we're not talking about a Rule 36 or an admission that is committed to paper by counsel. You're asserting that there's an admission on the video. We're asserting both, Your Honor, because that admission on the video is an admission, although they argue that it was just an inadvertent statement. This is made by a key player, and it's on a statement of fact. It's not a legal conclusion like in the Mays case, where you have low-level employees that just spout something out, and they're drawing legal conclusions. My other question, you're actually touching upon it. I was going to ask you, the admission that you're relying on, is that made by any of the individuals named as a defendant? The statement that you're saying constitutes an, or statements, constitute an admission, is it, are they made by the defendants in this case, or are they by other officers or persons on the scene? Yes, Your Honor. That's what makes our case distinguishable, because in this particular case, it is made by the defendants in this case, and not just other people, or just put in reports. It's on video, and it's made by Defendant Herrera in this particular case. So our argument is, is that, and they argue that we used the word admission of a party opponent. We did. We used the word admission of a party opponent. It's also an excited utterance. It's all types of hearsay. Sorry, hearsay. Exceptions to hearsay. Yes. All types of hearsay exceptions there, but what happens is, they attached it to the answer, their answer. They also attached it to their motion to dismiss. They also attached it to their motion for summary judgment, thereby codifying it and making it a judicial admission. Because at this point, it's in the pleadings. It's not only just a statement made, and they codified it. That's what makes it unequivocal. That's what makes the waiver unequivocal in our particular case. So we argue that the Mays case, it doesn't apply. With respect to raising something, again, we use the Hamilton v. Kindred case that you all have in this particular court, where you argue that so long as the theory is advanced or the facts are alleged that create that theory, it's been pled. And so that's our argument. In addition to that, arguably, we didn't need to use the word judicial admission until our case was kicked out by the court using that very terminology. So then we filed our appeal with that very same terminology. However, this court, if you argue that we didn't raise it before, this is one of those cases where a substantial right is affected, and we have the right to bring it on appeal for the first time. But we argue that we did. We did address it. So we can bring it on appeal for the first time anytime it affects a substantial right or a just plain. What the district court does isn't right. If it affects, you know, judicial proceedings, if it affects fairness, equality in judicial proceedings, you all can allow us to bring that first time on appeal, although we argue that we already brought that in theory, even if we didn't use the word judicial admission. Because at that time, the district court had not yet ruled. I'm going to ask you a question. If we accept your argument that you didn't waive, you know, raising these issues and that they are . . . well, they're not judicial admissions, they're evidentiary, but anyway, how does that get you to denial, reversing the district court on summary judgment? Because then, Your Honor, you have dueling admissions at that point, right? You have where a key player has said one thing and then comes and introduces evidence in another way where he goes against that. That creates a genuine issue of material fact that's ripe for the fact finder to make a decision. Well, that may be the case, but is it your argument . . . I mean, your case is on excessive force used by the officers, and it's either . . . you say it's either a body cavity search or almost a body cavity search, but you could say either one of those might be excessive force, right, or not? Absolutely, Your Honor. And that's why that finding has to be made . . . it needs to be remanded back for the fact finder to make that conclusion, because there are genuine issues of material fact that they've actually created in discovery when you then try to explain a statement that you made in a video that's blatant and obvious and very direct. Okay. We have your argument. It's your counsel's . . . no, no, next is Mr. Plumber. Is it Plumber or Plumber? Plumber. Plumber. May I proceed? Yes, sir. Your Honor, our argument is very straightforward. I believe Ms. Booker has presented the majority of our argument, but one of the main cruxes of our argument is that the appellees never controverted the statement that's on the record. They had ample opportunities to controvert the statement that was made in the video acknowledging that a cavity search was performed on the defendant, Mr. Armador. They never took the time to controvert that. Moreover, they had ample opportunities to object to those statements or to object to certain portions of the proceedings in the district court, which they did not do. You're arguing that they should have objected to the videotape as an admission . . . I want to make sure we're clear about admissibility of evidence, which I think there was a reference by your co-counsel to the hearsay exceptions. That's admissibility as evidence, but as a judicial admission, that is an establishment of an uncontested fact, what is your authority that upon viewing the videotape, they had to affirmatively object to the videotape as though it were a Rule 36 admission? Yes, Your Honor. I misspoke. Let me backtrack on that statement. Essentially, what I'm saying is that during the course of the proceedings, this was never controverted. There was . . . You mean in the briefing? In briefing. In the briefing, they never controverted what was going on in this video, and they had ample opportunities to do that. That's why there is a waiver there that allows that to come in and be a part of it. Let me ask you also about . . . did they not also serve, they meaning the defendants in this case, also served admissions on the plaintiffs in this case? Yes, Your Honor, you're correct. They did serve admissions on the plaintiffs. Here's where we think this differs. We think this is different because at the time that the admissions were served on the plaintiffs, we had been through numerous amendments of complaints. We had been through numerous amendments of the answer, numerous motions to dismiss. At that moment, the fact already had been found. It had been established that this was a fact that was true. It hadn't been controverted. Therefore, the admissions that came after that, the fact had already been withdrawn according to the case law out of this circuit, that that fact had been withdrawn, that there was a cavity search before that. So then the following admission . . . What's your best case . . . you said case law. What would be your best case for the proposition you just said? As I understand the admissions, we would not accept a request for admission as a discovery device if counsel sent one saying, please admit that the sky is purple with pink polka dots. We all know that that's not true. But on the other hand, if it's a fact that could be contested in the case and requests for admissions are sent and the rule is very specific about the time for responding and the implication of failure to do so, it becomes an established fact. So Sinclair v. Tompkins, Mercury . . . I'm sorry, McCreary v. Richardson, and the main case is Martinez v. Bali, which is a 2001 case. And so what we do know is that factual assertions and pleadings are judicial admissions conclusively binding on the party that made them, and the fact admitted in the pleading are no longer at issue. And defendants have not contraverted the facts that have been judicially admitted, so they have not, in effect, stipulated to them. They also affirmed the veracity of the video by attaching it to their own pleadings. So opposing counsel uses Mays as their main source of contention here to justify the briefs that they submitted before this court. We clearly state that it is readily distinguishable from that case because, first, the person that made the statement in the Mays case had no knowledge. They made a legal conclusion on what . . . attempted to make a legal conclusion on what an employee was. And at that time, they didn't have the requisite knowledge or was in a part of the company to make that determination. Here in our case, one of the officers made a statement. They were there. They had legal knowledge. They knew . . . I'm sorry, they had factual knowledge. They knew what happened at that time. They stated it on the record, and they also put it in a report. And so we believe that's how this case is readily distinguishable from the Mays case that opposing counsel has cited here today. It's a pretty simple issue, so if you don't have anything else to say, I think we're pretty familiar with these questions, and your co-counsel has time for rebuttal. And can I yield time back to co-counsel? Yep. Thank you. All righty. Thanks a lot. Good morning. What the appellant is trying to do in this case is turn evidence into a judicial pleading. The video of the officer that they claim to be a judicial statement, a statement that of the other officers. It is not just that one piece of evidence. In addition, a judicial statement is generally supposed to be an intentional waiver of a fact or an issue in the case, and is generally to be made by an attorney in the case. Just looking at the basic Blacks Law Dictionary, it says that judicial admissions are those for the regular legal evidence of the facts at the trial. The appellants are correct that this case went through numerous amendments and petitions and answers, and that was one of the reasons that the admissions were sent, so that the issues could be clear to the defendant as they were preparing their case and preparing their motions for summary judgment. It's clear that the appellants did not answer the discovery in the 30 days and the admissions were deemed, and that they never made any attempt to have them set aside or undeemed at any time in the case. And so when the time for summary judgment came, they were used for the summary judgment in regard to the appellants, Appellees Deputy Wolf and Deputy Herrera. The cases that the appellants just cited to the court to support their argument, you'll find when we review those cases that they are all in regard to statements made in pleadings. There's no cases that discuss an attempt to turn exhibits into judicial pleadings. I would also argue that they never made an argument about judicial admissions in their responses to the summary judgment. Again, there was only a discussion about evidentiary admissions, about party opponent admissions, and there was never any briefing to the judge in the district court about whether any of those statements were a judicial admission. That would certainly have been an important issue for the defendants to address if that was being brought up by Mr. Amandor. And so at this time, we would state that the deemed admissions support the motion for summary judgment to set aside the deemed admissions and that there is no issue of a judicial admission in this case and that judicial admissions are not created by exhibits to attach to any pleadings. I'm looking for this, okay, that they did not, so one admission was four of the admissions were significant, that the sheriff's deputies did not probe his bottom, that the deputies did not probe the bottom with any object, that the plastic bag was visible from the top of his buttocks to the sheriff's deputies, that the plastic bag did not penetrate. Well, I mean, it is true that they didn't file responses to those submissions as such. It's also true that they challenged them every step of the way, right? Well, I think that most people being searched, they will complain about it, but under looking at the law No, but I mean from all their pleadings and other Correct, Your Honor, but with so many pleadings in place, I don't think it would have been, it was proper to send the admissions. Admissions are used in all cases. They're allowed by the rules of civil procedure. They would not be difficult to answer. He is represented by an attorney. This is not a pro se person. And we are allowed to state, to clear up what each fact is. So you have in your brief footnote that says this case is limited to whether there was a body cavity search as opposed to what you say actually happened. The footnote says that to the extent the appellant now seeks to make the argument that a non penetrative strip search would still violate Fourth Amendment, you have some case law that says that's not a violation. Is it your position that issue is not before us and so long as there is no evidence, valid evidence, that there was some penetrative aspect to the search, you win? Well, I think the issue before the court is the deemed admissions and whether there is some sort of argument about judicial admissions. If the court finds that the admissions were not deemed, then perhaps the case . . . Well, let me, maybe I haven't been clear, or maybe I'm just not understanding your answer. It seems to me, you make this case turn on whether Judge Jones is too polite a person to say this, but let me just move on ahead. Unless his anus was reached into, there's no Fourth Amendment violation. Is that really the law? And is that the only thing that we're concerned about as to the evidence? This would have been a visual strip search using the definitions of the Texas Court of Criminology. Did he pull two layers of underwear or shorts or whatever? Were they pulled down and he was basically naked as they looked for this bag? That is what the reports state, Your Honor. And that's not . . . He was taken . . . Have you seen the law settled that that's not a violation? Well, we would argue that it's not. First, you look at the scope of the intrusion, and that is what your concern is in this case. He was taken to his own bedroom. There were only two officers there, two male officers. It is the position of the appellees that the bag of heroin was visible when the pants were taken down. This was a search incident to arrest. The officers had seen him kind of squirming around on the couch. They know from past . . . Let me stop you there. My only question really is, is there any argument in this case by your friend on the other side that unless it was the kind of search that the omission, they say, acknowledges, unless it's that kind of search, there's no argument there was a Fourth Amendment violation? Correct. That's what we would argue and what we did argue in our motion for summary judgment, but I'm not sure that that issue is before the court. But if it is, then we would state that using the deemed omissions, that the bag of heroin was clearly visible when the shorts were taken down, that that would meet the four issues that you consider when it's a bad or a good search. Well, then, whether or not we agree with the county, then we have to vacate and remand. If you consider you set aside the deemed omissions, even though there's been no attempt to, the court used the deemed omissions to make its decision, so you may need to reverse and remand. Okay. But I don't believe that we should reach that point because the deemed omissions are in place and were not set aside and were not asked to be set aside. No, but if they have an alternative pleading, then what we would be deciding, I think, is that the question of the search of the anus as such is not before the court on remand, but because of his ruling and deemed omissions, but it's still not conclusively resolved that either there was no unconstitutional body search or that they had qualified immunity. He did not reach the issue, I think, of qualified immunity. The judge used the deemed omissions to make its determination. Right. That's what I'm ... So I agree, Your Honor. If you feel that there is deemed omissions or that evidence can be turned into a judicial omission, then it would need to be sent back to the district court for a new summary judgment. All righty. I think we have your argument. Thank you, ma'am. Thank you. Okay, Ms. Booker, do you want to file any . . . have any rebuttal? I'd like the court to take note that the motion for summary judgment response, page 6, 10, and 11 advance the theory of judicial admission clearly. So I would just like that to be notated. In addition, to address you, Judge Englehart, with your question of why we believe that they should have objected to that video, it's because that's what hits it in the Mays case. That's what makes it distinguishable. That's where they made an unequivocal waiver by attaching it. They would have something to argue with if they had not attached that video themselves to all of the pleadings, because that's what makes their waiver unequivocal, and that's our argument with respect to that. In addition, at the time in which they served those admissions on us, we had already . . . they had already made that unequivocal waiver. Those admissions were served on us well after their answer was filed attaching the video. The motion to dismiss was filed attaching the video. So at that point, we did not believe that it was even an issue. That was before the court, a fact issue. That was before the court. We felt like they had stipulated to that fact. Would you still have a case against them if we don't accept your argument and we hold that the admissions were deemed against you about a search of the anus, but there's still a possibility of an unconstitutional search otherwise? Yes, Your Honor. I would say that's because the video is there and the officer says, I pulled this contraband from his anus. He says it. And that is what saves this case. And at the end of the day, we know that cavity searches raise serious Fourth Amendment concerns. Right, but do you agree that even if it didn't turn out to be a cavity search, I mean, is it your position that even if it's not a cavity search, it's still unconstitutional? Absolutely, because the force was excessive to the need. Within the pleadings, they talk about the fact that he was handcuffed. There was a, you know, he was held down. A pillow was shoved in his mouth. His pants were pulled down. There were two officers on one gentleman, and you could hear the screams. You could hear the screams. Every officer, even the other officers, defendant officers heard the screams. That's why we have a theory of bystander liability. And they admit that they heard the screams in their deposition. Out of curiosity, do you know why the, and I don't know whether you handled the criminal case, do you know why the case was never brought, the criminal case was not brought? I do. Because on the dismissal, which you guys also have in the record, we attached that to the complaint. They also attached it to their responses. The district attorney's office says that they went beyond the scope of the search warrant, and because of that, it was a cap. They were conclusive on the dismissal that it was a cavity search, and that cavity search was not warranted under the law. Therefore, they dismissed their case. Okay. We have your argument, too. Thank you very much. Thank you.